JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant David Nigro ("appellant") appeals from the decision of the City of Parma, Ohio Board of Zoning Appeals (the "BZA") denying his request for a multi-family dwelling variance. Having reviewed the arguments of the parties and the pertinent law, we affirm the lower court's decision.
 I {¶ 2} Appellant applied to the BZA for a use variance to permit multi-family residential use of his single-family residential zoned property. Appellant requested his use variance pursuant to the Parma Codified Ordinances ("PCO"), Section 1153.02, requesting a new multi-family dwelling variance in a single-family housing district. Section 1153.02 states the following: "Within any Single-Family House District, no building or premises shall be erected, used, arranged or designed to be used, in whole or in part, for other than single-familydetached dwellings." (Emphasis added.)
 {¶ 3} Appellant's property abuts the west side of State Road, south of Sassafras Drive and north of Pleasant Valley Road, in Parma. The permanent parcel numbers are 454-12-013 and 454-12-014.
 {¶ 4} The BZA held a public hearing on August 10, 1999. There were individuals appearing at the hearing in appellant's favor, including appellant's attorney Ed Kasputis and Engineer Dan Neff of Neff and Associates. In addition to the people present on behalf of the appellant, there were contiguous neighbors of the property in dispute present at the hearing. The BZA heard presentations from Mr. Neff, Mr. Kasputis, and 15 residents of the area. The BZA denied appellant's use variance to permit multi-family residential use of his property. Appellant then filed an appeal of the BZA's ruling to the Cuyahoga County Common Pleas Court, pursuant to R.C. 2506. The trial court affirmed the BZA's decision denying appellant's request. Appellant is now appealing the trial court's decision.
 II {¶ 5} Appellant's first assignment of error states: "The trial court erred as a matter of law in affirming the Parma Board of Zoning Appeals' decision to deny appellant's use variance request because the board's decision was not supported by a preponderance of substantial, credible, reliable, and probative evidence." (Emphasis in original.)
 {¶ 6} Appellant's second assignment of error states: "The trial court erred as a matter of law in affirming the Parma Board of Zoning Appeals' decision to deny appellant's use variance request because appellant's use variance request was supported by a preponderance of substantial, credible, reliable, and probative evidence." (Emphasis in original.)
 {¶ 7} Due to the interrelation between appellant's first and second assignments of error and for the sake of judicial economy, we will address both assignments of error together.
 {¶ 8} The standard of review regarding an administrative appeal is whether the decision is supported by a preponderance of reliable, probative, and substantial evidence in the record.
"In determining whether the standard of review prescribed by R.C. 2506.04was correctly applied by the court of common pleas, both this court [theSupreme Court] and the court of appeals have a limited function. Id. Inan R.C. Chapter 2506 administrative appeal of a decision of the board ofzoning appeals to the common pleas court, the court, pursuant to R.C.2506.04, may reverse the board if it finds that the board's decision isnot supported by a preponderance of reliable, probative and substantialevidence. An appeal to the court of appeals, pursuant to R.C. 2506.04, ismore limited in scope and requires that court to affirm the common pleascourt, unless the court of appeals finds, as a matter of law, that thedecision of the common pleas court is not supported by a preponderance ofreliable, probative and substantial evidence." (Emphasis added.) Kisilv. Sandusky (1984), 12 Ohio St.3d 30.
 {¶ 9} Appellant claims in his brief that the denial of the use variance is an unnecessary hardship. The determination of whether an unnecessary hardship exists is one of fact entrusted to the board's discretion. Shoemaker v. First Natl. Bank of Ottawa (1981),66 Ohio St.2d 304. The mere fact that property can be put to a more profitable use does not, in itself, establish a necessary hardship where less profitable alternatives are available within the zoning classification. Consolidated Mgt., Inc. v. Cleveland (1983),6 Ohio St.3d 238 at 242.
 {¶ 10} Where a purchaser of commercial property acquires the premises with knowledge of the zoning restrictions, he has created his own hardship and generally cannot thereafter apply for a zoning variance based on such hardship. Consolidated Mgt., Inc. v. Cleveland (1983),6 Ohio St.3d 238 at 242.
 {¶ 11} We now apply the standards above to the case sub judice. In the case at bar, one parcel was purchased by appellant's family more than 10 years earlier and the other nearly 30 years earlier. The property was purchased without a multi-family residential use variance permit. Appellant cannot now claim that the single-family variance the property was purchased with creates a hardship.
 {¶ 12} Appellant argues that, because of the BZA's denial, he will not be able to fully develop his property, thus causing an unnecessary hardship. However, this is not entirely accurate because the land isalready developed as single residential property. In fact, the property is already constructed and is being utilized as rental property. Moreover, appellant states that he will not be able to develop the property, and because he is not able to develop the property, "the cost of the land, the real estate, and the property he [appellant] has at hand would never yield anything."[1] There is no requirement that the owner receive the highest and best economic return on his property; appellant only has the ability and privilege of developing the property within the approved zoning classification.
 {¶ 13} In addition, appellant argues that there are multi-family dwellings located very close to his property. However, these multi-family zoned parcels are located in districts that are currently zoned asmulti-family parcels, not single-family zoned parcels. The mere fact that appellant's property is located in the vicinity of property that is classified in a different manner does not justify changing appellant's property variance.
 {¶ 14} In an appeal of a zoning determination, the common pleascourt must act under the presumption that the determination of the boardof zoning appeals is valid. The burden of overcoming this presumption and showing invalidity rests upon the party opposing the determination. The test to be applied by the common pleas court is not whether any legal justification exists, but whether the ordinance bears a reasonablerelationship to the public health, safety, welfare, or morals. BP OilCo. v. Dayton Bd. of Zoning Appeals (1996), 109 Ohio App.3d 425. The decision of the common pleas court is appealable to the court of appeals on questions of law. R.C. 2506.04. However, as previously stated, the appeal court's standard of review is more limited than that of the commonpleas court. An appellate court's standard of review is whether, as a matter of law, the decision of the common pleas court is not supported by a preponderance of reliable, probative, and substantial evidence. BP OilCo., supra.
 {¶ 15} Based on the above, we find a preponderance of reliable, probative, and substantial evidence to support the lower court's decision upholding the BZA's denial of appellant's multi-family variance request.
 {¶ 16} Appellant's first and second assignments of error are denied.
 {¶ 17} The judgment is affirmed.
Judgment affirmed.
It is ordered that appellees recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kenneth A. Rocco, A.J. and Patricia A. Blackmon, J. concur.
[1] See appellant's brief and assignments of error, filed June 9, 2003, page 6.