[Cite as *Cummings v. Cleveland*, 2013-Ohio-2541.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99200**

# ALAN CUMMINGS

PLAINTIFF-APPELLANT

vs.

# CITY OF CLEVELAND, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-779312

**BEFORE:**  Blackmon, J., Stewart, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**     June 20, 2013

**ATTORNEY FOR APPELLANT**

Kevin P. Prendergast
27999 Clemens Road
Suite One
Westlake, Ohio 44145

**ATTORNEYS FOR APPELLEES**

Barbara Langhenry
Director of Law

Theodora M. Monegan
Chief Assistant Law Director
Room 106, City Hall
601 Lakeside Avenue
Cleveland, Ohio 44114-1077

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Alan Cummings ("Cummings") appeals the trial court's judgment affirming the decision of the Civil Service Commission ("Commission") terminating his employment with the appellee city of Cleveland ("City"). He assigns the following error for our review:

> **The trial court erred in finding there was a legally sufficient preponderance of reliable, probative, and sufficient evidence to support the termination of appellant's employment for a minor infraction.**

{¶2} Having reviewed the record and pertinent law, we reverse the trial court's decision and remand the matter for Cummings to be reinstated. The apposite facts follow.

## Facts

{¶3} Cummings worked as a security guard in the Department of Public Utilities from December 2003 until he was terminated on October 26, 2007. He had previously worked as a Cleveland police officer from 1993 until he was laid off in 2003. The City terminated Cummings's employment for violating the City's sick leave policy by calling in sick for four days, while continuing to work a second job on a different shift and for working at a second job without prior written permission as required by the City's policies and procedures.

{¶4} Cummings appealed his discharge to the Director of Public Utilities. The Commission appointed a referee to hear the matter and make recommendations to the director. The referee issued a recommendation that Cummings's termination should be upheld for his failure to receive permission to work his secondary job. The referee found

termination was not valid for the abuse of the sick leave policy because Cummings did not work the same hours for the secondary employment as he did for the City and because Cummings had medical evidence that he was indeed sick. The referee also found that the City did not have a written policy that a person could not work a secondary job within 24 hours of calling off sick from a City job.

{¶5} The director issued a letter on April 14, 2008, agreeing with the referee and upholding the termination. [1] Cummings appealed the director's decision to the Commission. The Commission affirmed the director's decision and upheld Cummings's termination.

{¶6} Cummings appealed the Commission's decision to the court of common pleas pursuant to R.C. Chapter 2506. The trial court upheld the decision of the Commission, stating:

> **Upon full review of the record and briefs, this court finds in favor of the appellee. The Civil Service Commission's decision upholding Mr. Cummings's termination was not unconstitutional, illegal, arbitrary, capricious, unreasonable or unsupported by the preponderance of the substantial, reliable, and probative evidence. The Civil Service Commission's decision is affirmed.** Journal Entry, October 25, 2012.

---

[1]Unfortunately, this letter was never served on Cummings or his counsel. After trying to obtain the letter, counsel filed a mandamus action with our court. On December 6, 2010, we ordered the director to properly serve his letter and ordered that Cummings receive a hearing before the Civil Service Commission to appeal the director's decision. *State ex rel Cummings v. Ambroz*, 8th Dist. No. 94735, 2010-Ohio-6028.

## Standard of Review

{¶7}   Cummings brought his appeal pursuant to R.C. Chapter 2506.   In *Henley v. Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147, 2000-Ohio-493, 735 N.E.2d 433, the Ohio Supreme Court explained the applicable standard of review as follows:

> **[W]e have distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals. The common pleas court considers the "whole record," including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence.** *See Smith v. Granville Twp. Bd. of Trustees* **(1998), 81 Ohio St.3d 608, 612, 1998-Ohio-340, 693 N.E.2d 219, citing** *Dudukovich v. Lorain Metro. Hous. Auth***. (1979), 58 Ohio St.2d 202, 206-207, 389 N.E.2d 1113, * * *.**

> **The standard of review to be applied in an R.C. 2506.04 appeal is "more limited in scope."** *Kisil v. Sandusky* **(1984), 12 Ohio St.3d 30, 34, 12 OBR 26, 465 N.E.2d 848, 852. "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh 'the preponderance of substantial, reliable**

**and probative evidence,' as is granted to the common pleas court."** *Id*. **at fn. 4. "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court.\* \* \* The fact that the court of appeals \* \* \* might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.** *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* **(1988), 40 Ohio St.3d 257, 261, 533 N.E.2d 264, 267."** *Id.* **at 147.**

{¶8} Thus, our more limited review requires us to "affirm the common pleas court, unless [we find], as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." *Kisil* at 34, 465 N.E.2d 848 (1984). Within the ambit of "questions of law" includes whether the common pleas court abused its discretion. *Henley* at 148, 2000-Ohio-493, 735 N.E.2d 433. Abuse of discretion connotes more than an error of law or of judgment; rather, it implies the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

## Law and Analysis

{¶9} In his sole assigned error, Cummings argues that the evidence did not show by the preponderance of reliable, probative, and substantial evidence that the termination

of a long-term employee, who failed to submit paperwork for secondary employment, was appropriate punishment. We agree.

{¶10} We note at the outset that the City attempts to argue that Cummings's termination was based on a history of misconduct and cites to various alleged disciplinary problems with Cummings. However, the City failed to present testimony or documents regarding Cummings's previous disciplinary actions at the referee's hearing. The City did attach to its appellee's brief before the Commission an unauthenticated document listing Cummings's alleged past misconduct; however, the City did not seek to admit the document pursuant to Civil Service Rule 9.60. The City also did not attempt to admit the evidence pursuant to R.C. 2506.03 for consideration by the common pleas court. We note in the previous mandamus action before this court, the City also attempted to attach the document to its brief opposing the mandamus action; we held that we could not consider it because it was unauthenticated. Therefore, because the evidence was never properly admitted, we cannot consider the allegations of Cummings's prior misconduct in conducting our review.

{¶11} It is undisputed that Cummings failed to submit a permission form to work a secondary job in violation of the City's policy regarding secondary employment. The issue before us is whether the trial court abused its discretion as a matter of law by upholding the Commission's decision to terminate Cummings for failing to turn in the form.

{¶12} The evidence showed that Cummings received approval in the past for working the same secondary job. His supervisor, Lt. Kathleen Thomas admitted that if Cummings had submitted the permission form, he would have again received approval to work the secondary job. Therefore, the fact that permission would have been granted if the form had been turned in, makes Cummings's failure to do so insignificant because the City was not opposed to the job itself.

{¶13} Although Lt. Thomas also testified that it was protocol to terminate people for working secondary jobs without permission, the evidence indicated that only one other employee in the Utilities Department had been terminated for violating the policy. That person, however, had committed more egregious violations in addition to not receiving the requisite permission. Unlike Cummings, that person was working the secondary job at the same time she was supposed to work her City job and attempted to falsify documents to conceal her wrongdoing. Here, Cummings was not working overlapping shifts and had previous permission to work the job.

{¶14} There was also no evidence that there was a formal written policy stating that if an employee failed to receive permission to work a secondary job, he or she would be discharged. The City presented evidence that it sent out memoranda reminding workers to submit their permission forms, but nowhere does the reminder state that the employees would be subject to discharge for failing to do so.

{¶15} We conclude the trial court abused its discretion by affirming the termination of Cummings because the court's decision is not supported by a

preponderance of reliable, probative, and substantial evidence. The only evidence presented by the City in support of Cummings's termination was his failure to turn in the permission form to work the secondary job. This is insignificant given that Cummings has worked for the City for 13 years, has received permission in the past to work the secondary job, and would have been granted permission again to work the job if he had turned in the form. Accordingly, Cummings's sole assigned error is sustained.

{¶16} Judgment reversed and remanded.

It is ordered that appellant recover from appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____

PATRICIA ANN BLACKMON, JUDGE

MELODY J. STEWART, A.J., and
MARY EILEEN KILBANE, J., CONCUR