[Cite as *6957 Ridge Rd., L.L.C. v. Parma Bd. of Zoning Appeals*, 2013-Ohio-4028.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99006

---

# 6957 RIDGE ROAD, L.L.C.

### PLAINTIFF-APPELLANT

vs.

# CITY OF PARMA, OHIO
# BOARD OF ZONING APPEALS, ET AL.

### DEFENDANTS-APPELLEES

---

### JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-767257

**BEFORE:** Blackmon, J., Keough, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 19, 2013

**ATTORNEYS FOR APPELLANT**

John P. Slagter
Anthony R. Vacanti
Buckingham, Doolittle & Burroughs, L.L.P.
1375 E. 9th Street, Suite 1700
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEES**

Timothy G. Dobeck
Director of Law

By: Bruce M. Courey
Assistant Law Director
City of Parma
6611 Ridge Road
Parma, Ohio 44129

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant 6957 Ridge Road, L.L.C. ("Owner") appeals the trial court's decision upholding the Parma City Council's ("the City") denial of a use variance. Owner assigns the following errors for our review:

> I. The trial court erred by affirming the City's denial of Owner's variance request because such denial was arbitrary, capricious, and unsupported by a preponderance of reliable, probative and substantial evidence.

> II. The trial court erred by ruling that the continued application of the residential zoning to the property is constitutional because such continued application violates substantive due process and equal protection.

> III. The trial court erred by ruling that Owner was provided a constitutionally sufficient fair and impartial hearing on its variance.

{¶2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

{¶3} On September 30, 2010, Owner purchased a residential property located at 6957 Ridge Road in the city of Parma, Ohio. The property is zoned for single-family use, but is located between both residential and commercial properties. It is flanked on the south by the Stearns Homestead, which is a Parma historical site containing a numerous variety of farm animals, and on the north by Fifth Third Bank.

{¶4} On May 11, 2011, Owner filed an application to have the property rezoned from single-family residential to retail and commercial. The city of Parma's Planning

Commission ("Planning Commission") voted to recommend that the City approve the rezoning request, but the City declined to approve the request.

{¶5} Thereafter, Owner applied to the Parma Board of Zoning Appeals ("BZA") for a use variance pursuant to Chapter 1127 of Parma Codified Ordinances. On August 9, 2011, the BZA arrived at a split 2-2 vote on the issue due to the absence of one BZA member. The matter was able to be presented to the City after one member changed his vote from "no" to "yes" to arrive at 3-1.

{¶6} On September 21, 2011, a Special Planning Committee meeting was conducted wherein the Owner, along with planning experts, appraisal experts, and engineering experts presented testimony in support of granting the variance. Immediately after the meeting the City, in an 8-0 vote, denied the requested variance.

{¶7} On October 20, 2011, Owner filed an administrative appeal, pursuant to R.C. Chapter 2506, in the trial court. On August 30, 2012, the trial court affirmed the City's denial of Owner's request for variance. Owner now appeals.

## Denial of Variance Request

{¶8} In the first assigned error, Owner argues the trial court erred when it affirmed the City's denial of the requested use variance.

{¶9} Administrative appeals taken from a township board of zoning appeals are governed by R.C. Chapter 2506. *Shultz v. Mantua*, 11th Dist. Portage No. 2011-P-0054, 2012-Ohio-1459. The appeal is first addressed to the court of common pleas of that

county. *Id.*, R.C. 2506.01.

{¶10} In *Henley v. Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147, 2000-Ohio-493, 735 N.E.2d 433, the Ohio Supreme Court explained the applicable standard of review as follows:

[W]e have distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals. The common pleas court considers the "whole record," including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. See *Smith v. Granville Twp. Bd. of Trustees*, 81 Ohio St.3d 608, 612, 1998-Ohio-340, 693 N.E.2d 219 (1998), citing *Dudukovich v. Lorain Metro. Hous. Auth.*, 58 Ohio St.2d 202, 206-207, 389 N.E.2d 1113 (1979), * * *.

The standard of review to be applied in an R.C. 2506.04 appeal is "more limited in scope." *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 12 OBR 26, 465 N.E.2d 848, 852. "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh 'the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." *Id.* at fn. 4. "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court.* * * The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for

doing so. *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 261, 533 N.E.2d 264, 267." *Id.* at 147.

{¶11} Thus, our more limited review requires us to "affirm the common pleas court, unless [we find], as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." *Cummings v. Cleveland*, 8th Dist. Cuyahoga No. 99200, 2013-Ohio-2541, quoting *Kisil*, 12 Ohio St.3d at 34, 465 N.E.2d 848. Within the ambit of "questions of law" includes whether the common pleas court abused its discretion. *Henley* at 148. Abuse of discretion connotes more than an error of law or of judgment; rather, it implies the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶12} A board of zoning appeals maintains wide latitude in deciding whether to grant or deny a variance. *Culkar v. Brooklyn Hts.*, 192 Ohio App.3d 383, 2011-Ohio-724, 949 N.E.2d 103 (8th Dist.), citing *Schomaeker v. First Natl. Bank of Ottawa*, 66 Ohio St.2d 304, 309, 421 N.E.2d 530 (1981). In making its determination to grant or deny a variance, the board of zoning appeals must determine whether enforcement of the resolution will cause the property owner an unnecessary hardship. *Id.*, citing *Set Prods., Inc. v. Bainbridge Twp. Bd. of Zoning Appeals*, 31 Ohio St.3d 260, 263, 510 N.E.2d 373 (1987).

{¶13} In the instant case, Owner applied for a "use" variance for the subject property based on a claim of unnecessary hardship. Specifically, Owner argues that the

unnecessary hardship is grounded in the location of the property; primarily that the residentially-zoned property is surrounded by commercial properties.

{¶14} Preliminarily, we note a use variance is normally awarded when a board of zoning appeals allows property to be used in a way that is not expressly or implicitly permitted by the relevant zoning code. *Battaglia v. Newbury Twp. Bd. of Zoning Appeals*, 11th Dist. Geauga No. 99-G-2256, 2000 Ohio App. LEXIS 5755 (Dec. 8, 2000). The governing test for a use variance is whether a particular zoning ordinance creates an "unnecessary hardship" with respect to the use of the property. *Fisher-Yan v. Mason*, 11th Dist. Geauga No. 99-G-2224, 2000 Ohio App. LEXIS 4352, 12-13 (Sept. 22, 2000).

{¶15} A zoning regulation "imposes an unnecessary hardship which will warrant a variance only where the hardship is unique to a particular owner's property." *Johnson's Island Invest. Group, LLC v. Marblehead Bd. of Zoning Appeals*, 6th Dist. Ottawa No. OT-11-023, 2012-Ohio-1667, citing *Fox v. Shriver-Allison Co.,* 28 Ohio App.2d 175, 181, 275 N.E.2d 637 (7th Dist.1971). Unnecessary hardship does not exist unless the property is unsuitable for any of the uses permitted by the zoning resolution. *In re Appeal of Dinardo Constr., Inc.*, 11th Dist. Geauga No. 98-G-2138, 1999 Ohio App. LEXIS 1430 (Mar. 31, 1999).

{¶16} In order for the unnecessary hardship test to be applicable, it must be determined that any potential hardship was not self-created or self-imposed. *Massasauga Rattlesnake Ranch, Inc. v. Hartford Twp. Bd. of Zoning Appeals*, 11th Dist. Trumbull

Nos. 2011-T-0060 and 2001-T-0061, 2012-Ohio-1275.

**{¶17}** A party purchasing a property with knowledge of zoning restrictions cannot claim unnecessary hardship caused by those restrictions for the purposes of obtaining a use variance. *Kisil*, 12 Ohio St.3d at 33, 465 N.E.2d 848, citing *Consolidated Mgt., Inc. v. Cleveland*, 6 Ohio St.3d 238, 452 N.E.2d 1287 (1983), paragraph one of the syllabus ("the requirement of an unnecessary hardship suffered by a landowner seeking a variance could not be met when the landowner purchased the property with knowledge of the zoning restrictions"); *Norris v. Chester Twp. Bd. of Trustees*, 11th Dist. Geauga No. 90-G-1585, 1991 Ohio App. LEXIS 3885 (Aug. 16, 1991) (noting that *Kisil* can be "read as denying a use variance whenever a party acquires property with knowledge of the zoning restrictions").

**{¶18}** This court has also held that where a purchaser of property acquires the premises with knowledge of the zoning restrictions, he has created his own hardship and generally cannot thereafter apply for a zoning variance based on such hardship. *Nigro v. Parma*, 8th Dist. Cuyahoga No. 82594, 2003-Ohio-6637, citing *Consolidated Mgt., Inc.*

**{¶19}** Here, when Owner testified before the City, he indicated that he knew the property was zoned residential when he made the purchase. In fact, the record indicates that the property was being used as a residence at the time of the purchase. The record also indicates that Owner presented no evidence that he has attempted to use the property as a residence since the purchase. Pivotally, Owner testified that he bought the property

based on its "awesome location" and bought it with the intentions of having it rezoned retail and commercial.

**{¶20}** Consequently, based on the established case law discussed above, Owner cannot now claim that the residential zoning that the property was purchased with created the unnecessary hardship that would warrant the City granting a use variance. Owner created his own hardship and is not entitled to a use variance to relieve such a condition. *See Consolidated Mgt., Inc*. at 242, *Kisil* at 33.

**{¶21}** Nonetheless, Owner argues that purchase of a property with notice of zoning regulations does not automatically bar him from challenging the regulation. In support of this argument, Owner cites, among others, *Craig v. Babcock*, 11th Dist. Portage No. 90-P-2248, 1991 Ohio App. LEXIS 3653 (Aug. 2, 1991).

**{¶22}** However, in *Craig,* although the court reasoned that a purchase with knowledge of zoning restrictions does not in all circumstances dictate denial of a use variance, the court specifically stated that the self-imposed hardship rule militates only against those who acquire property intending to use the land for a prohibited purpose, speculating that the use variance would be available or might be obtained through affirmative efforts. *Id*.

**{¶23}** Owner's action falls squarely into the behavior that the self-imposed hardship rule works against. As previously noted, Owner testified that he bought the property with knowledge of the residential zoning, but with intentions of obtaining a

variance. This is exactly the scenario the court in *Craig* concluded would exclude an owner from obtaining a use variance on the basis of unnecessary hardship. Consequently, *Craig* does not provide the support the Owner advances.

{¶24} Based on the foregoing, we cannot find, as a matter of law, that the trial court's judgment affirming the decision of the City, due to the self-imposed nature of the asserted unnecessary hardship, is not supported by a preponderance of reliable, probative, and substantial evidence. Accordingly, we overrule the first assigned error.

## Constitutionality of Zoning Regulation

{¶25} In the second assigned error, Owner argues that the trial court erred by ruling that the continued application of the residential zoning is constitutional.

{¶26} A party challenging the constitutionality of a zoning ordinance can do so in two different ways. First, there can be a facial challenge to a zoning law. This means that the party challenges the ordinance on the basis that it lacks any rational relationship to a legitimate governmental purpose and therefore the law cannot be applied under any circumstances. *State ex rel., Bray v. Russell*, 89 Ohio St.3d 132, 137, 2000-Ohio-116, 2000-Ohio-117, 2000-Ohio-119, 729 N.E.2d 359. Second, a party may challenge the law as being unconstitutional "as applied." This means that an otherwise valid law is rendered invalid when enforced against the party making the challenge. *Yajnik v. Akron Dept. of Health, Hous. Div.*, 101 Ohio St.3d 106, 2004-Ohio-357, 802 N.E.2d 632.

{¶27} In the instant case, Owner challenges the continued residential zoning

classification as being unconstitutional as applied to his property. In *Jaylin Invests., Inc. v. Moreland Hills*, 107 Ohio St.3d 339, 2006-Ohio-4, 839 N.E.2d 903, the Ohio Supreme Court set forth the applicable law for "as applied" zoning challenges of the kind involved here. The issue centers on the exercise of legislative power to enact laws that bear a substantial relation to the public health, safety, morals, or general welfare of the community. *Id.* at 13. The Ohio Supreme Court went on to set forth the applicable standard:

> In a constitutional analysis, the object of scrutiny is the legislative action. The zoning ordinance is the focal point of the analysis, not the property owner's proposed use, and the analysis begins with a presumption that the ordinance is constitutional. The analysis focuses on the legislative judgment underlying the enactment, as it is applied to the particular property, not the municipality's failure to approve what the owner suggests may be a better use of the property. If application of the zoning ordinance prevents an owner from using the property in a particular way, the proposed use is relevant but only as one factor to be considered in analyzing the zoning ordinance's application to the particular property at issue. *Id.* at 18.

{¶28} Section 1127.09 of the Parma Codified Ordinances, outlining the reasons for granting a use variance, states in pertinent part as follows: "(c) Where granting a variance will not be materially detrimental to the public welfare or injurious to the property or improvements in the neighborhood in which the property is located. * * *."

{¶29} As previously noted, Owner applied for a use variance to have the subject property rezoned for retail or commercial use. However, Owner never gave any indication of what retail or commercial use was contemplated. At the hearing, several residents of homes on the street located directly behind the subject property, as well as a

representative of the adjacent Stearns Homestead, expressed concerns about flooding. The record indicates that a creek divides the subject property and the street directly behind. The residents opined that, depending on the kind of retail or commercial endeavor, there could be significant water run-off leading to flooding of the creek and their homes.

{¶30} We conclude that the potential for flooding could harm the adjacent properties and was a valid concern that the City had to consider in deciding whether to grant the requested variance. Thus, the zoning law at issue bears a "substantial" relation to the public health, safety, morals, or general welfare, and compels our affirmance of the trial court's finding that the city's zoning classification is constitutional as applied to the subject property. Accordingly, we overrule the second assigned error.

### Fair and Impartial Hearing

{¶31} In the third assigned error, Owner argues that the trial court erred in finding that he was afforded a constitutionally sufficient fair and impartial hearing on its variance request.

{¶32} R.C. 2506.03 provides that the trial court, in hearing the appeal from the administrative agency, shall be confined to the transcript filed pursuant to R.C. 2506.02, unless it appears that the appellant was not permitted by the agency to cross-examine witnesses purporting to refute his position, arguments, and contentions, or the testimony adduced before the administrative agency was not given under oath. R.C.

2506.03(A)(2)(c) and 2506.03(A)(3).

{¶33} In the instant case, Owner argues he was deprived a fair and impartial hearing because certain city council members refused to recuse themselves, publicly stated their opinions against the variance prior to the meeting, and failed to swear in all witnesses.

{¶34} As discussed above, because of Owner's self-imposed hardship, the denial of the requested use variance was proper. We also concluded that the continued residential zoning of the subject property was constitutional. In addition, we have combed through the record provided, thoroughly reviewed the transcript of the hearing, and can find no evidence to support Owner's assertions. Much to the contrary, the record reveals that Owner was given sufficient opportunity to present all arguments in support of the requested variance.

{¶35} Further, we note that when the BZA vote was split 2-2, a member who had voted against the variance, changed his vote to "yes" to provide Owner the opportunity to present the matter to the city council. Consequently, we find no merit in Owner's argument.

{¶36} Nonetheless, Owner alleges that at the special planning meeting convened to discuss whether to grant the use variance, certain city council members acted in the dual capacity of judge and litigant. In support of his allegation, Owner argues that Council Member Galinas's response following the testimony of expert planner, David Hart,

amounted to prohibited testifying. Hart, while testifying in support of granting a use variance, opined about the unique nature of the subject property. In response, council member Galinas stated:

> And just for the record, in my experience in 20 years of selling real estate, 20 plus years, every particular house that I've ever sold is unique. So unique is a relative to me and you and every house in America. They're all unique because every parcel is unique and every home is unique. So that word unique, it doesn't mean anything to me in this particular situation. * * *.

**{¶37}** We conclude that this response was simply commentary, and not testimony; consequently, it does not impact on the outcome of this case. Owner's argument is not well taken. Accordingly, we overrule the third assigned error.

**{¶38}** Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

PATRICIA ANN BLACKMON, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN T. GALLAGHER, J., CONCUR