[Cite as *McDermott v. Bd. of Zoning Appeals*, 2024-Ohio-1780.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CHRISTINA MCDERMOTT, TRUSTEE, :

      Plaintiff-Appellant,     :

                      No. 113123

      v.                :

BOARD OF ZONING APPEALS,
CITY OF CLEVELAND, ET AL.,   :

      Defendants-Appellees.     :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 9, 2024

---

Administrative Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-976105

---

### *Appearances:*

Mark Stephen Shearer, *for appellant*.

Mark D. Griffin, Director of Law, and Michael T. Mahoney, Assistant Director of Law, *for appellee* City of Cleveland.

MARY J. BOYLE, J.:

{¶ 1} Appellant, Christina McDermott, Trustee of the Christina McDermott Trust ("appellant"), appeals the trial court's decision affirming the Cleveland Board of Zoning Appeals' ("BZA") denial of appellant's request for a zoning variance. For the reasons that follow, the judgment is affirmed.

## I. Facts and Procedural History

{¶ 2} In June 2019, appellant purchased the property at 4750 Hinckley Avenue in Cleveland, Ohio ("property") assuming that it was commercial property based on previous use, how it was advertised for sale, and county tax records. The property is approximately five acres of mostly vacant land, with residential properties in the area. Appellant leased it to Rapid Water Response and Invisible Excavations LLC.

{¶ 3} In 2020, the appellant constructed a 2,776 square foot storage structure as an addition to the preexisting 100-year-old commercial structure on the property. The new storage structure was built on a preexisting foundation from 1920. Appellant maintained that it was built to appease neighbors and a councilperson who complained about equipment being stored in the yard. Appellant asserted he was unable to apply for a permit because city hall was closed to the public during the pandemic. Eventually, appellant submitted a site plan application asking to erect a 2,776 square foot storage structure that had already been built. That application was approved on November 12, 2021. Thereafter, appellant applied for a building permit as required.

{¶ 4} On November 19, 2022, the City of Cleveland Department of Building and Housing denied the appellant's application for permit and issued a "Notice of Non-Conformance." The denial was based on Cleveland Codified Ordinances (C.C.O.) 337.02, which states that a storage structure is not permitted in a one-

family residential district, as well as C.C.O. 359.01, which states that no enlargement or expansion of a nonconforming use shall be permitted except as a variance under the terms of Chapter 329. This "Notice of Non-Conformance" was appealed to the BZA, and the appellant applied for a variance as well.

{¶ 5} A public hearing was held, and the BZA heard testimony from numerous witnesses. The appellant argued that R.C. 713.15 prohibits cities from imposing restrictions on properties that continue a prior use, explaining that the appellant and its predecessors used the property for a commercial purpose and the structure continued a prior use because it was built on a preexisting foundation that predated Cleveland's zoning code. In essence, appellant argued that the zoning code did not apply to the property or the structure. The appellant also asked, in the alternative, for a variance arguing practical difficulty.

{¶ 6} Testimony was presented that the property was zoned for residential use since 1929, that there were no variances on file, and that only one permit was issued in 1999 to demolish a 20x20, one-story wood framed building and garage. The zoning administrator explained that once a structure is removed it cannot be rebuilt without a variance. Six neighbors opposed the requested variance claiming sewer issues and too much traffic. A councilwoman opposed it, as well.

{¶ 7} Four out of five board members attended the hearing. Two voted to deny a variance. Two voted to grant a variance, including the chief city planner who confirmed the historic use of the property as commercial and stated that the sewer issues were not due to the new structure. Nevertheless, the requested variance was

denied according to rule,[1] and the decision of the Building and Housing Department was upheld.

{¶ 8} That decision was appealed to the Cuyahoga County Court of Common Pleas pursuant to R.C. Chapters 2505 and 2506. At the trial court, appellant argued that the zoning code did not apply and that the BZA applied the incorrect standard of review for a variance. The trial court affirmed the decision of the BZA stating:

> This cause is before the court upon appellant's notice of appeal of the Board of Zoning Appeals and the City of Cleveland's decision denying appellant's request for a zoning variance. After consideration of the entire record, this court affirms the findings of the Board of Zoning Appeals and finds that its decision is not unconstitutional, illegal, arbitrary, capricious, unreasonable, nor unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record.

(Journal Entry, August 3, 2023).

{¶ 9} This appeal was taken. Appellant raises the following assignments of error for review:

> **Assignment of Error I:** The Board of Zoning Appeals improperly denied permission to the McDermott Trust to retain its structure as the property's use predated the City of Cleveland's Zoning Ordinances.
>
> **Assignment of Error II:** Even if a variance were necessary, the Board of Zoning Appeals applied the wrong legal standard.

{¶ 10} For the reasons set forth below, we affirm.

---

[1] When only four voting members are present, a concurring vote of three is required to change a decision. *See* C.C.O. 329.01(g).

## II. Law and Analysis

### A. Standard of Review

{¶ 11} The Ohio Supreme Court has explained that for an administrative appeal pursuant to R.C. 2506.01, the common pleas court considers the whole record and determines whether the administrative order is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." *Independence v. Office of the Cuyahoga Cty. Executive*, 142 Ohio St.3d 125, 2014-Ohio-4650, 28 N.E.3d 1182, ¶ 13-14, quoting R.C. 2506.04. *See also Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147, 735 N.E.2d 433 (2000); *1415 Kenilworth, LLC v. Cleveland*, 8th Dist. Cuyahoga No. 111249, 2023-Ohio-300, ¶ 25. The trial court weighs the evidence to determine whether a preponderance of reliable, probative, and substantial evidence supports the administrative decision, and if it does, the trial court may not substitute its judgment for that of the board. *Id.*, citing *Dudukovich v. Lorain Metro. Hous. Auth.*, 58 Ohio St.2d 202, 207, 389 N.E.2d 1113 (1979).

{¶ 12} The standard of review for this court is even more limited. *Henley* at 147, citing *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984); *Gregory v. Cuyahoga Cty.*, 8th Dist. Cuyahoga No. 108192, 2020-Ohio-2714, ¶ 23. We review the lower court's judgment only on questions of law, and further, we do not have the same extensive authority to weigh the evidence. *Id.* at 147. This court is to determine whether the trial court abused its discretion. *Kisil* at 34, fn. 4. We must

affirm unless we find, as a matter of law, that the trial court's decision is not supported by a preponderance of reliable, probative, and substantial evidence. *Id.* at 34. "In this context, a reversal 'as a matter of law' can occur only when, having viewed the evidence most favorably to the decision, there are no facts to support the common pleas court decision." *Gregory* at ¶ 24, quoting *Kurutz v. Cleveland*, 8th Dist. Cuyahoga No. 105899, 2018-Ohio-2398, ¶ 8.

### B. The Zoning Codes Apply

{¶ 13} Both assignments of error are interrelated and pertain to a structure that was built without a permit. Appellant maintains that the property is not subject to the residential zoning codes because its commercial use predates the zoning codes, arguing that the property's use is "grandfathered" in, citing R.C. 713.15. Appellant also argues that it has not expanded the nonconforming use because the structure was built on a preexisting foundation; therefore the use did not change, and no permit or variance was required. BZA contends that the residential zoning codes apply and that storage structures are prohibited in residential areas unless a variance is issued.

{¶ 14} R.C. 713.15, often referred to as a "grandfather clause" states:

The lawful use of any dwelling, building, or structure and of any land or premises, as existing and lawful at the time of enacting a zoning ordinance or an amendment to the ordinance, may be continued, although such use does not conform with the provisions of such ordinance or amendment, but if any such nonconforming use is voluntarily discontinued for two years or more, or for a period of not less than six months but not more than two years that a municipal corporation otherwise provides by ordinance, any future use of such land shall be in conformity with sections 713.01 to 713.15 of the Revised

Code. The legislative authority of a municipal corporation shall provide in any zoning ordinance for the completion, restoration, reconstruction, extension, or substitution of nonconforming uses upon such reasonable terms as are set forth in the zoning ordinance.

{¶ 15} Cleveland City Council enacted C.C.O. 359.01(a) to implement R.C. 713.15. *Hornyak v. Bd. of Zoning Appeals*, 8th Dist. Cuyahoga No. 43179, 1981 Ohio App. LEXIS 10507 (May 28, 1981), fn. 1. C.C.O. 359.01 (a) codifies the grandfather clause and sets forth how to enlarge, expand, substitute, or change the nonconforming use, and states:

> Except as provided in Section 347.06 and Chapter 351, a use of building or land lawfully existing on the effective date of this Zoning Code or of any amendment or supplement thereto, or for which a permit has been lawfully issued, may be continued even though such use does not conform to the provisions of this Zoning Code for the use district in which it is located, *but no enlargement or expansion shall be permitted except as a variance under the terms of Chapter 329, and no substitution or other change in such nonconforming use to other than a conforming use shall be permitted except by special permit from the Board of Zoning Appeals.* Such special permit may be issued only if the Board finds after public hearing that such substitution or other change is no more harmful or objectionable than the previous nonconforming use in floor or other space occupied, in volume of trade or production, in kind of goods sold or produced, in daily hours or other period of use, in the type or number of persons to occupy or to be attracted to the premises or in any other characteristic of the new use as compared with the previous use.

(Emphasis added.)

{¶ 16} A "non-conforming" use means the "use of a building or premises that does not conform to the regulations of the use district in which it is located." C.C.O. 325.52. "An established nonconforming use runs with the land, and hence a change in ownership will not destroy the right to continue the use." *Marietta v. Bd. of Trustees for Washington Cty. Woman's Home*, 2020-Ohio-5144, 161 N.E.3d 736,

¶ 71 (4th Dist.), quoting 8A Eugene McQuillin, *The Law of Mun. Corp.* § 25.188, at 59 (3d ed. 2018). "However, generally speaking, the character of the nonconforming use must be the same for the change in ownership not to effect a valid nonconforming use." *Id.*

{¶ 17} The "burden of proving a nonconforming use is on the party claiming the use." *Stumpff v. City of Riverside Bd. of Zoning Appeals*, 2d Dist. Montgomery No. 28589, 2020-Ohio-4328, ¶ 13*,* quoting *Penewit v. Spring Valley Bd. of Zoning Appeals*, 2d Dist. Greene No. 2019-CA-6, 2019-Ohio-3200, ¶ 32*; Cleveland v. Abrams*, 8th Dist. Cuyahoga Nos. 89904 and 89929, 2008-Ohio-4589, ¶ 45. To prove a nonconforming use, a landowner must show by a preponderance of the evidence that "the use [was] in existence prior to the enactment of [any applicable] land use regulation[s]," and that the use was "lawful at the time [it] was established." (Citations omitted.) *Id.,* citing *Belich v. Olmsted Falls*, 8th Dist. Cuyahoga Nos. 84537 and 84807, 2005-Ohio-190, ¶ 16; *Wooster v. Entertainment One, Inc.*, 158 Ohio App.3d 161, 2004-Ohio-3846, 814 N.E.2d 521, ¶ 48 (9th Dist.).

{¶ 18} The evidence in the record establishes that there was a commercial structure on the property initially; however, that structure was removed in 1999. Because the property has been zoned as residential since 1929, according to R.C. 713.15 and C.C.O. 359.01(a), once the structure was demolished, a variance must be issued to rebuild. Although the appellant built the new structure on the old foundation, it was still built without a variance or a permit. Therefore, the structure violated the zoning code.

**{¶ 19}** Accordingly, we overrule appellant's first assignment of error.

### C. Unnecessary Hardship is the Proper Standard

**{¶ 20}** Turning to the denial of the requested variance, we note that a BZA is afforded wide latitude in deciding whether to grant or deny a variance. *1415 Kenilworth, LLC*, 8th Dist. Cuyahoga No. 111249, 2023-Ohio-300, ¶ 25, citing *Schomaeker v. First Natl. Bank*, 66 Ohio St.2d 304, 309, 421 N.E.2d 530 (1981); *Kisil* at 35. A board's decision to deny a variance is accorded a presumption of validity, and the burden of demonstrating the decision's invalidity rests with the contesting party. *Id.,* citing *Consol. Mgt., Inc. v. Cleveland*, 6 Ohio St.3d 238, 240, 452 N.E.2d 1287 (1983). The fact that the appellate court may arrive at a different conclusion than the administrative agency is immaterial; courts are forbidden from substituting their judgment for that of an administrative agency or trial court absent the approved criteria for doing so. *Id.,* citing *Franklin v. Berea*, 8th Dist. Cuyahoga No. 93894, 2010-Ohio-4350, ¶ 18.

**{¶ 21}** Appellant argues that the BZA applied the incorrect standard of review at the hearing. Appellant alleges that the lesser standard of "practical difficulties" should have been applied, and thus a variance should have been granted. We disagree.

**{¶ 22}** The city of Cleveland grants the BZA the power, in a specific case, to vary or modify the application of the zoning code "[w]here there is practical difficulty or unnecessary hardship in the way of carrying out the strict letter" of the code. *See* C.C.O. 329.03(a). This includes the power to "permit the extension or enlargement

of a building or use, or the erection of an additional building, upon the premises lawfully occupied by such building or use on November 5, 1929." C.C.O. 329.03(d)(2). However, C.C.O. 329.03(b) limits the BZA's authority to grant a variance to specific cases where the following conditions are shown:

(1) The practical difficulty or unnecessary hardship inheres in and is peculiar to the premises sought to be built upon or used because of physical size, shape, or other characteristics of the premises * * * which differentiate it from other premises in the same district and create a difficulty or hardship caused by a strict application of the provisions of this Zoning Code not generally shared by other land or buildings in the same district;

(2) Refusal of the variance appealed for will deprive the owner of substantial property rights; and

(3) Granting of the variance appealed for will not be contrary to the purpose and intent of this Zoning Code.

{¶ 23} The burden to prove the three conditions set forth in C.C.O. 329.03(b) is on the party seeking the variance, and the failure to establish all three conditions requires the board to deny the requested variance. *ProTerra, Inc. v. Cleveland Bd. of Zoning Appeals*, 2020-Ohio-6739, 164 N.E.3d 1086, ¶ 22-24 (8th Dist.). S*ee also Consol. Mgt., Inc.*, 6 Ohio St.3d 238, 242, 452 N.E.2d 1287 (1983); *Cleveland v. Patrick Realty*, 8th Dist. Cuyahoga No. 90349, 2008-Ohio-4243, ¶ 24.

{¶ 24} There are two distinct types of zoning variances — use variances and area variances, and the BZA is authorized to grant both types of variances. *Id.,* citing *Schomaeker,* 66 Ohio St.2d 304, 307, 421 N.E.2d 530 (1981). "A use variance permits land uses for purposes other than those permitted in the district as prescribed in the relevant regulation," such as allowing "a commercial use in a

residential district." *Id.*, quoting *Schomaeker* at 306-307. "Area variances do not involve uses, but rather structural or lot restrictions," such as "relaxation of setback lines or height restrictions." *Id.* Use variances are subject to higher scrutiny and require a showing of "unnecessary hardship" while area variances are subject to the lesser standard of "practical difficulties." *1415 Kenilworth* at ¶ 25, citing *Franklin* at ¶ 27; *Duncan v. Middlefield*, 23 Ohio St.3d 83, 85, 491 N.E.2d 692 (1986).

{¶ 25} In this case, appellant asked for a use variance arguing that if the property was unable to be used as commercial property appellant and its tenants would suffer economically. Additionally, appellant argued that they would suffer a substantial financial loss if forced to take down the structure; therefore, a use variance should have been granted. Because appellant is asking for a use variance, the "unnecessary hardship" standard applies.

{¶ 26} A use variance is normally awarded when a board of zoning appeals allows property to be used in a way that is not expressly or implicitly permitted by the relevant zoning code. *6957 Ridge Rd., L.L.C. v. Parma*, 8th Dist. Cuyahoga No. 99006, 2013-Ohio-4028, ¶ 14-18, citing *Battaglia v. Newbury Twp. Bd. of Zoning Appeals*, 11th Dist. Geauga No. 99-G-2256, 2000 Ohio App. LEXIS 5755 (Dec. 8, 2000). The governing test for a use variance is whether a particular zoning ordinance creates an "unnecessary hardship" with respect to the use of the property. *Id.,* citing *Fisher-Yan v. Mason*, 11th Dist. Geauga No. 99-G-2224, 2000 Ohio App. LEXIS 4352, 12-13 (Sept. 22, 2000). A zoning regulation "imposes an unnecessary hardship which will warrant a variance only where the hardship is unique to a

particular owner's property." *Id.,* quoting *Johnson's Island Invest. Group, LLC v. Marblehead Bd. of Zoning Appeals*, 6th Dist. Ottawa No. OT-11-023, 2012-Ohio-1667, citing *Fox v. Shriver-Allison Co.*, 28 Ohio App.2d 175, 181, 275 N.E.2d 637 (7th Dist.1971). Unnecessary hardship does not exist unless the property is unsuitable for any of the uses permitted by the zoning resolution. *Id.,* citing *In re Appeal of Dinardo Constr., Inc.,* 11th Dist. Geauga No. 98-G-2138, 1999 Ohio App. LEXIS 1430 (Mar. 31, 1999).

{¶ 27} The determination of whether an unnecessary hardship exists is one of fact entrusted to the board's discretion. *Nigro v. Parma*, 8th Dist. Cuyahoga No. 82594, 2003-Ohio-6637, ¶ 9-10, citing *Schomaeker*, 66 Ohio St. 2d 304, 421 N.E.2d 530 (1981). The mere fact that property can be put to a more profitable use does not, in itself, establish a necessary hardship where less profitable alternatives are available within the zoning classification. *Id.*, citing *Consolidated Mgt., Inc.,* 6 Ohio St.3d at 242, 452 N.E.2d 1287. In order for the unnecessary hardship test to be applicable, it must be determined that any potential hardship was not self-created or self-imposed. *6957 Ridge Rd., L.L.C. v. Parma*, 8th Dist. Cuyahoga No. 99006, 2013-Ohio-4028, ¶ 14-18, citing *Massasauga Rattlesnake Ranch, Inc. v. Hartford Twp. Bd. of Zoning Appeals*, 11th Dist. Trumbull Nos. 2011-T-0060 and 2001-T-0061, 2012 Ohio 1275.

{¶ 28} Here, the appellant was aware that a permit was needed to rebuild a structure on the property. There was testimony that an attempt was made to get a permit but that due to the pandemic, the appellant was unable. Nevertheless, the

appellant went forth with the construction of the structure without a permit. Appellant cannot now claim a financial hardship when the hardship was self-created.

{¶ 29} Because appellant cannot establish an unnecessary hardship, we need not address whether the refusal of the variance will deprive the owner of substantial property rights or whether the granting of the variance is contrary to the purpose and intent of the zoning code. Accordingly, we overrule appellant's second assignment of error.

## III. Conclusion

{¶ 30} After a thorough review of all the evidence in the record, we cannot say as a matter of law that the BZA's denial of appellant's requested variance is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by a preponderance of the evidence on the whole record. As such, the trial court did not err in coming to the same conclusion.

{¶ 31} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

LISA B. FORBES, P.J., and
EMANUELLA D. GROVES, J., CONCUR