OPINION
 STATEMENT OF FACT {¶ 1} Georgiana I. Parisi appeals from a judgment of the courtof common pleas affirming a determination by the City of Dayton'sUse Nuisance Appeals Board from which Parisi had appealedpursuant to R.C. Chapter 2506.
 {¶ 2} Parisi is the trustee of an Irrevokable SpendthriftTrust for the benefit of Larry J. Parker. The trust document isnot in the record; however, it is undisputed that the trustee ischarged with ensuring that Parker has a place to live. To thatend Parisi, as trustee, acquired title to a residential propertyat 1910 East Siebenthaler Avenue in Dayton for Parker's use.
 {¶ 3} Parisi had little physical interaction with the propertyor its use after Parker moved in. While she never had keys to theproperty, Parisi did speak regularly with Parker by telephone. Onone occasion she instructed Parker that his daughter, a drugabuser recently released from prison, could not live with him.Parisi was also aware of a prior nuisance abatement order issuedfor the property in 2001. However, the record doesn't reflect thegrounds for the order.
 {¶ 4} On August 6, 2002, Dayton police officers executed anarrest warrant for Parker at the Seibenthaler Avenue address.Parker signed a written consent to a search of his home. Policediscovered and seized a crack pipe, two metal push rods, andbaggies containing cocaine residue. Parker was subsequentlycharged with and convicted of a violation of R.C. 2925.11(C)(4),felony drug abuse.
 {¶ 5} The City of Dayton Housing Inspection Manager determinedthat Parker's commission of the felony on the propertyconstituted a nuisance pursuant to the City of Dayton RevisedCode of General Ordinances ("R.C.G.O.") 150.01(E)(2)(c). Heissued a nuisance abatement order to Parisi as the "owner" of thepremises on which the violation occurred. Upon receiving thenotice, Parisi changed the locks and expelled Parker from thebuilding.
 {¶ 6} Parisi appealed the inspector's order to the UseNuisance Appeals Board. The Board held a hearing to review theorder on September 19, 2002. After the hearing, the Boardaffirmed the order and issued three findings. First, the Boardsustained the finding that a public nuisance existed on theproperty. Second, it found that Parisi was not in good faithinnocent of the knowledge of the nuisance or unable to discoverit by reasonable care and diligence. Finally, the Board decidedto take no further action against Parisi so long as no furthernuisances occurred within for one year.
 {¶ 7} Parisi appealed the Board's determination to the courtof common pleas on October 30, 2002. The court affirmed theBoard's decision on August 1, 2003. Parisi filed a timely appealwith this court on August 6, 2003.
 FIRST ASSIGNMENT OF ERROR {¶ 8} "The appeals board erred when it found that Ms. Parisi,trustee, of the real property `was not in good faith, innocent ofthe knowledge of the use of such property as a nuisance and that,with reasonable care and diligence, such owner and/or trusteecould have known thereof' in violation of city of dayton revisedordinance 152.01C and that such finding is arbitrary, capricious,and against the manifest weight of the evidence."
 {¶ 9} R.C.G.O. 150.01(E)(2)(c) provides that "real estate . . .on which a felony occurs . . . regardless whether there hasbeen a conviction for said violation," constitutes a publicnuisance. The city housing inspection manager is authorized byR.C.G.O. 154.04(A) to issue a nuisance abatement order to theowner of the premises on that cause. R.C.G.O. 152.01(C) includesmortgagees, executors, administrators, and trustees among theclass of "owners" of a premises to whom nuisance abatement ordersmay issue.
 {¶ 10} An owner who is served a nuisance abatement order mayrequest an administrative hearing of that order before the DaytonUse Nuisance Appeals Board. Per R.C.G.O. 152.07(D), the Board maysustain or reverse the order, initiate other action, or, underR.C.G.O. 152.07(D)(4), dismiss the order on a finding that theowner was, "in good faith, innocent of knowledge of the use ofsuch property as a nuisance and that, with reasonable care anddiligence . . . could not have known thereof."
 {¶ 11} The owner may appeal the Board's adverse determinationsto the court of common pleas. R.C. 2506.01, et seq. The trialcourt is authorized to reverse or vacate an administrative orderwhich the court finds is unreasonable or unsupported by apreponderance of substantial, reliable, and probative evidence onthe whole record. R.C. 2506.04.
 {¶ 12} Our task in reviewing the final judgments or ordersentered by the common pleas courts in administrative appeals isto ensure that the court did not abuse its discretion. See In reEnsley v. City of Dayton (Sept. 12, 1997), Montgomery App. No.16130. If there is some "competent, credible evidence supportingthe decision of the Court of Common Pleas, and the decision isaccording to law, it must be affirmed." Id.
 {¶ 13} Parisi argues that the court abused its discretion whenit affirmed the Board's decision, because her role and powers astrustee for Parker did not put her in a position to prevent thenuisance in this instance from occurring, notwithstanding thefact that R.C.G.O. 152.01(C) defines "owners" who are subject tothe nuisance abatement requirements at issue to include trustees.Parisi also argues that her lack of knowledge that the underlyingcrime had occurred on the premises fits the "good faith, innocentof knowledge" exception to R.C.G.O. 152.07(D)(4), and requireddismissal of the nuisance abatement order against her.
 {¶ 14} A trustee has sufficient power and possession to managethe property and accomplish the objectives of the trust. SeeHill v. Irons (1953), 160 Ohio St. 21, 27. In Smith v. Rees(July 16, 1948), 52 Ohio Law Abs. 417, the Probate Court ofFranklin County found that a provision in a will charging thedecedent's son to manage real estate to provide income for thewidow did not relieve the son of his responsibility for theproperty. The court held that "the trustee is not an agent forwhose acts a principal will respond. Quite the contrary, he isthe legal owner of the property and as principal he bears fullpersonal responsibility for his acts in the conduct of hisownership." Id.
 {¶ 15} The Ohio Supreme Court previously examined R.C.G.O.152.01(C) and held that an "owner" must have a right ofpossession or control of the property sufficient to create orprevent a nuisance. See Hausman v. City of Dayton (1995),73 Ohio St.3d 671, 679, 1995-Ohio-277. In Hausman a meremortgagee, who had but a security interest in the property,lacked the requisite power of possession or control over theproperty. Id. At a minimum, it had to be a mortgagee inpossession.
 {¶ 16} It should be noted that Hausman sets up analternative test or standard: possession or control. Id., at p.679. Parisi, though she held title to the Siebenthaler propertyas trustee, had no right of possession. That right was conferredon her ward, Parker, and Parisi is not the guardian of hisperson. However, Parisi may yet be bound if she had a power tocontrol how Parker used the property.
 {¶ 17} Irons and Rees stand for the proposition thattrustees who hold title to real property have control of theproperty sufficient to create or prevent a nuisance. Parisiinstructed Parker that his drug-abusing daughter could not residewith him at the property. After the abatement order was issued,she changed the locks and ordered Parker from the property. Shehas since put the property up for sale. Evidence presented to theBoard was therefore sufficient to demonstrate that, as trustee,Parisi had the requisite power of control over the property wherethe nuisance occurred in order to be charged to abate it.
 {¶ 18} There seems to be no question that Parisi was in factin good faith innocent of actual knowledge of the nuisance.However, the relief which that defense permits likewise requiresa finding that with reasonable care and diligence she could nothave known of it. R.C.G.O. 152.07(D)(4). We do not agree withParisi that the limits of her charge as a trustee to provide herward a place to live impaired her capacity to have learned, usingreasonable care and diligence, that Parker was using drugs on thepremises. More specifically, we cannot find that the trial courtabused its discretion when it affirmed the Board's findings inthat respect. Ensley.
 {¶ 19} The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR {¶ 20} "The determination of the appeals board that Ms. Parisiviolated revised ordinance 152.01E2C (sic) is overbroad andunconstitutional under Section 3, Article XVIII of the OhioConstitution as applied to trustees and is against PublicPolicy."
 THIRD ASSIGNMENT OF ERROR {¶ 21} "If Section 152.01 were found to be Constitutionalunder Section 3, Article XVIII of the Ohio Constitution withregards to trustees, the actions of the use nuisance appealsboard are still Unconstitutional in the instant case because itis overbroad as to Ms. Parisi."
 {¶ 22} We take Parisi's second and third assignments of errortogether. Under Article XVIII, Section 3 of the OhioConstitution, municipalities are authorized to adopt and enforcelocal police power regulations that do not conflict with thegeneral laws of the state. A municipal ordinance, because it isan exercise of the police power, may not be arbitrary,discriminatory, capricious or unreasonable. City of Cincinnativ. Correll (1943), 141 Ohio St. 535, 539.
 {¶ 23} In Hausman, the Ohio Supreme Court found the term"mortgagee" in R.C.G.O. 152.01(C) to be unconstitutionallyoverbroad, but it left the remainder of the definitionalordinance undisturbed, including its classification of trusteesas owners. Parisi argues that her position as trustee, cut offfrom physical possession of the property, is analogous to that ofa mortgagee.
 {¶ 24} There is nothing in Parisi's status as a trustee thatprevents her from controlling how her ward uses the propertytitled in her name and in which she is charged to allow him toreside. Her particular difficulty appears to be that, by reasonof Parker's misconduct, Parisi cannot both discharge her duty astrustee and avoid a nuisance abatement order. However, thatdilemma does not permit her to avoid the public duty the lawimposes in favor of her private duty as trustee.
 {¶ 25} The Supreme Court held in Hausman that ownership forR.C.G.O. 152 purposes requires possession or control sufficientto prevent or create a particular nuisance. By refusing to allowParker's daughter to reside on the property, by changing thelocks and expelling Parker, and by initiating a sale of theproperty, Parisi demonstrated that she has and can exercise ameasure of control that a mere mortgagee does not have. Her acts,taken with the law of Hausman, Rees, and Irons, demonstratethat there is nothing arbitrary, capricious, or unreasonableabout the City of Dayton's inclusion of trustees as owners inR.C.G.O. 152.01(C). Neither do they support a finding that theordinance is overly-broad as it applies to Parisi.
 {¶ 26} The second and third assignments of error areoverruled. The decision of the court of common pleas will beaffirmed.
 Fain, P.J., and Young, J., concur.